McFarland, J.,
delivered the opinion of the Court.
The plaintiff is the owner of stock in the Nashville Gas Light Company, a corporation organized for the purpose of supplying the city of Nashville with *410 gas, having its office and place of business within the corporate limits of said city.
A tax was assessed by the city authorities for municipal purposes, upon the value of the plaintiff's said stock, and she resists its payment upon the ground that as she is a non-resident of the city of Nashville, her stock is not liable to this tax: that her stock is only liable for the taxes assessed in the county and district where she resides. We have just held in the case of McLaughlin and others v. Chadwell, Tax Collector, that previously to the act of March 1, 1869, under the general law making personal property taxable in the county where the owner resided, and in the absence of any special legislation upon the question, stocks are taxable where the owner resides. We held, however, in those cases, in regard to stocks in the national banks, that the act of March 1, 1869, changed the law upon the subject, and made the stock taxable in the city, town, or ward where the bank was located, and that this act being within the express permission of the act of Congress upon this subject, and not in violation of any provision of the Constitution was valid. The question now is as to the effect of this act upon stocks in corporations other than national banks or banking associations.
The language of the 9th section of said act, or so much thereof as is necessary to quote is, “that no tax shall hereafter be assessed upon any capital of any bank or banking association, or any other joint stock company organized under the authority of this State or of the United States, but the stockholders in such *411 banks and banking associations, or other corporations, shall be assessed and taxed on the value of their shares of stock therein. Said shares shall be included in the valuation of the personal property of such stockholder in the assessment of State, county, or municipal taxes at the place, town, ward, or district where such bank, banking association, or other corporation is located, and not elsewhere, whether said stockholder reside in said place, town, ward, or district, or not.”
It is argued with much ingenuity, that this act was only intended to apply to banks, banking associations, or other corporations dealing in money, or doing in some form a banking business. First,' for the reason that the act was passed in consequence of the decision in the case of The Mayor v. Thomas, 5 Col., 600, which made further legislation in relation to the tax upon national bank stocks necessary; and second, because other sections of the act, in relation to carrying out the provisions of the first, relate only to banks or banking associations; and from these considerations it is argued that the act was only intended to apply to banks or corporations doing a banking business. If the meaning of the statute from its language were ambiguous or doubtful, then the considerations urged would have great weight in enabling the Court to determine the meaning; but here the language • is plain and unambiguous and comprehensive. The language is, “any banking association or other joint stock company organized under the authority of this State or. of the United States,” and this, or equiv *412 alent language is used three times in the same section. Its meaning seems to be obvious and plain, and includes all stock in all corporations organized under State or Federal authority, and we cannot avoid this plain language upon the grounds urged. .Then, had the Legislature the power to make this change? We held the law valid as to the national bank stocks, and the only difference between these stocks and the plaintiff’s stock in the Gas Company, is that as to the bank stock, the act of Congress expressly leaves to the State Legislature the power to fix the place where the stock of’its own citizens in the banks may be taxed. Still, if the act taxing the stock in the city where the bank is located, the owner living elsewhere, were in violation any provision of the State Constitution, ' we think the law would be void, or rather it would have to conform to the State Constitution ; but as we have held, there is no constitutional prohibition.
Of course we do not say that the Legislature would have the power to tax property, real or personal, in a county or city different from the place where the property is located; but it will be borne in mind that these stocks have in reality no locality;- they are not located where the bank is situated; 'nor have they in reality a locality where the owner resides. It was held, in the absence of special legislation upon the subject, that they came under the general head of personal property; and as they had no locality, on account of the locality of the bank, that they must follow the residence of the owner; but as they had *413 no actual locality at either place, the rule might be changed by legislation upon the' subject. It would seem to result from this, that the plaintiff is made liable for a corporation tax for the support of the government of the city of Nashville upon property not situated in the city, and for which, under previous well settled laws, she was not liable. The change may be more apparent than real.
Previously to the passage of this act, the capital of this corporation was subject to taxation in its aggregate and corporate capacity. Of course, of a tax thus assessed and paid the plaintiff .would have indirectly had to bear her proportion. Now, by this law, the capital of the corporation is exempted, and in its place the tax is divided among the stockholders. It would seem to be the same thing in a different shape. But be this as it may, the Legislature having in plain language expressed their intention upon the subject, we could not declare the law void, unless it were a plain violation of some prohibition of the Constitution, and this does not appear to be so.
Affirm the judgment.